Case 7:19-cv-00300   Document 40   Filed on 02/11/21 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| PETE RIOJAS, | § § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 7:19-cv-00300 |
| MONTE ALTO INDEPENDENT SCHOOL DISTRICT, et al., | § § § § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers Plaintiff's opposed motion for leave to file an amended complaint,[1] Defendants' response to Plaintiff's motion for leave,[2] and Plaintiff's reply.[3] The Court also considers Plaintiff's opposed motion to compel production for in camera review,[4] and Plaintiff's "corrected" motion to compel.[5] The motions are now ripe for consideration.

### I. BACKGROUND AND PROCEDURAL HISTORY

In August 2019, Plaintiff brought this suit against his former employer, the Monte Alto Independent School District, and members of the Monte Alto Board of Trustees—Armando Lopez, Brenda Cavazos, Raul Valdez, and Connie Villanueva—under 42 U.S.C. § 1983 for retaliation in violation of his First Amendment rights to freedom of speech and freedom of association.[6]

In November 2019, the Court set out a scheduling order, setting a deadline for the parties to file any Rule 15(a)(2) motion to amend pleadings by January 13, 2020, and setting the parties

---

[1] Dkt. No. 30.
[2] Dkt. No. 33.
[3] Dkt. No. 34.
[4] Dkt. No. 35.
[5] Dkt. No. 36.
[6] Dkt. No. 1.

final pretrial conference for July 20, 2020.[7] Before the close of discovery on April 13, 2020, the parties moved to extend all remaining discovery and pretrial deadlines by ninety days in light of the pandemic, which the Court granted.[8] Three months later, one day before the amended discovery deadline, the parties moved again for an extension on the basis of the hospitalization of Plaintiff's counsel for a serious medical condition.[9] The Court again granted the extension, scheduling the discovery deadline for October 8, 2020, the pretrial motion deadline for October 22, 2020, and the final pretrial conference on January 19, 2021.[10]

Defendants filed motions for summary judgement on October 21, 2020,[11] and the following day, Plaintiff filed a status report stating that the parties had agreed to mediate the case.[12] On November 11, 2020, Plaintiff filed his responses to Defendants' motions[13] and, soon after on November 17th, notified the Court that the parties had failed to reach a settlement at mediation.[14] After Defendants filed their replies,[15] Plaintiff filed his motion for leave to file his first amended complaint on November 19, 2020.[16] Nearly a month later, on December 15, 2020, Plaintiff filed his motion to compel production for in camera review of the March 7, 2019 closed meeting agenda or recording[17] and his corrected motion the following day.[18] The Court subsequently continued the parties' January 19, 2021 pretrial conference until February 16th in light of the pending motions in this case.

## II. Jurisdiction

---

[7] Dkt. No. 8 at 1–2.
[8] Dkt. Nos. 11 & 12.
[9] Dkt. No. 18.
[10] Dkt. No. 19.
[11] Dkt. No. 20 & 21.
[12] Dkt. No. 22.
[13] Dkt. No. 24 & 25.
[14] Dkt. No. 26.
[15] Dkt. No. 27 & 28.
[16] Dkt. No. 30.
[17] Dkt. No. 35.
[18] Dkt. No. 36.

This Court has jurisdiction under 28 U.S.C. § 1331.

## III. Discussion

### a. Legal Standard

The Court reviews Plaintiff's motion to amend and Plaintiff's motion to compel under Federal Rule of Civil Procedure (Rule) 16(b), which governs modifications of the Courts' scheduling order.[19] As Plaintiff moves to amend his pleadings after the expiration of the Court's January 8, 2020 deadline to file a motion to amend pleadings, Plaintiff must first demonstrate good cause to modify the scheduling order before the Court can turn to the more liberal Rule 15(a) standard to determine whether to grant leave to amend.[20] Similarly, as Plaintiff seeks to compel production for in camera review of discovery material after the expiration of the Court's October 8, 2020 discovery deadline, Plaintiff must also demonstrate good cause to extend the discovery deadline before the Court can analyze whether an order to compel production is appropriate.[21]

To demonstrate good cause to modify scheduling order deadlines, "a party is required 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[22] In determining the existence of good cause to modify a scheduling order under Rule 16(b), the Court looks to four factors: (1) the explanation for the failure to adhere to the original deadline; (2) the importance of the proposed modification of the deadline; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such

---

[19] Fed. R. Civ. P. 16(b)(4); *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.").
[20] *Id.*; *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013); *see* Dkt. No. 8 ("The Court strictly considers post-deadline requests for leave to amend under Rule 16(b), which supersedes the more-lenient Rule 15(a) standard.").
[21] *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).
[22] *Filguera*, 734 F.3d at 422 (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir.2008) (internal quotations omitted)).

prejudice.[23] In analyzing the last factor, the Court has broad discretion in deciding whether a continuance should be granted.[24]

### b. Analysis

#### 1. Motion for Leave to Amend

The Court turns first to Plaintiff's Motion for Leave to Amend,[25] Defendants' response,[26] and Plaintiff's reply.[27] Therein, Plaintiff requests leave to amend his complaint to add a new cause of action for denial of his Fourteenth Amendment substantive and procedural due process rights.[28] More specifically, Plaintiff alleges that the limited notice before his termination hearing and the twenty-minute closed session during his termination hearing violated due process.[29] Plaintiff also alleges additional facts surrounding his employment contract with Defendant District for the 2018-2019 school year, the notice he received before his hearing, the agendas for relevant school board meetings, and a closed session in which Defendants allegedly discussed the merits of Plaintiff's employment contract.[30] He further alleges Defendants' admitted they violated Plaintiff's Fourteenth Amendment rights by failing to give adequate notice and holding a closed session in violation of the Texas Open Meetings Act.[31]

---

[23] *Id.* (citing E.E.O.C. v. Serv. Temps Inc., 679 F.3d 323, 334 (5th Cir.2012); Fahim, 551 F.3d at 348); *S&W Enterprises*, 315 F.3d at 536; *Reliance*, 110 F.3d at 257; *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990).
[24] *S&W Enterprises*, 315 F.3d at 536 (holding decision not to grant continuance was within judge's sound discretion); *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) ("a district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).
[25] Dkt. No. 30.
[26] Dkt. No. 33.
[27] Dkt. No. 34.
[28] Dkt. No. 30 at 1–2, ¶¶ 2–3; *See* Dkt. No. 31 at 9–10, ¶¶ 6.8–6.12.
[29] *See id.* at 5–8; 9–10, ¶¶ 5.1–5.46; 6.8–6.12.
[30] *Id.*, ¶¶ 5.17–5.27.
[31] *Id.*, ¶¶ 5.30–5.31, 5.34–5.35, 5.39–5.40, 5.45–5.46.

The Court notes that Plaintiff filed this motion on November 19, 2020,[32] over eleven months after the Court's January 13, 2020 deadline to file a Rule 15(a)(2) motion to amend pleadings,[33] a month after the close of discovery and the dispositive motion deadline,[34] and a day after Defendants filed their replies to Plaintiff's responses to Defendants' motions for summary judgment.[35] Though Plaintiff does not acknowledge the Rule 16(b) standard for motions for leave filed after the scheduling order deadline, he provides what the Court construes as an attempt to demonstrate good cause to modify the scheduling order:

> Plaintiff seeks to amend to add a cause of action which alleges that Defendant deprived Plaintiff of federal procedural due process. That cause of action was discovered by Plaintiff and admitted by Defendants only after depositions were finally transcribed and delivered to Plaintiff on October 27, 2020.[36]

Plaintiff further argues that: "the facts supporting these causes of actions were secrets, secrets held in the private objected-to Board meeting deciding to fire Plaintiff, until those secrets were revealed in the noted depositions."[37] However, this is directly controverted by the transcript of Plaintiff's termination hearing on March 7, 2019, at which both Plaintiff and Plaintiff's Counsel John Shergold were present.[38] In the March 7th hearing, Plaintiff's Counsel raised both the alleged violations of Plaintiff's due process rights and Texas Government Code and Open Meetings Act.[39]    Furthermore, the additional facts alleged in the amended complaint pertain to Plaintiff's contract, public information regarding the school board meetings, or events that occurred during Plaintiff's termination hearing, all of which were either observable or accessible

---

[32] Dkt. No. 30.
[33] Dkt. No. 8 at 1.
[34] Dkt. No. 19.
[35] Dkt. Nos. 27 & 28.
[36] Dkt. No. 30 at 2, ¶ 3.
[37] Dkt. No. 30 at 10.
[38] *See* Dkt. No. 33-2 at 6.
[39] Dkt. No. 33-2 at 13–14; 19–29.

by Plaintiff or his Counsel well before he filed his initial complaint.[40] This demonstrates that contrary to his assertion, Plaintiff discovered these causes of action and sufficient facts to allege these causes of action well before the amended complaint deadline, and even before filing his original complaint.

> In an attempt to bolster his previous assertions, in his reply, Plaintiff argues that:
>
> [he] could not effectively present his claim that he had been deprived of due process by the School Board's discussing the merits of his case in secret, in executive session, until the depositions of Members of the School Board had been transcribed. The transcribed depositions were the best evidence of the admissions. . . . [and that Plaintiff] could not effectively present his claim that he had been deprived of due process by the School Board only giving him three days' notice of the hearing, until each Board Member could be deposed allowing each an opportunity to explain the necessity of scheduling and conducting a hearing with short notice provided prior to amendment.[41]

However, this reasoning demonstrates a profound misunderstanding of the pleading standards in federal court. A plaintiff is merely required to plead sufficient facts to "state a claim to relief that is plausible on its face,"[42] and need not plead evidence[43] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession.[44] Given that Plaintiff raised these complaints in his termination hearing in March 2019, Plaintiff's arguments ring hollow. On these bases, the Court finds Plaintiff fails to provide an adequate explanation for his failure to timely move to amend.

The Court also notes that in the transcript of the hearing, Plaintiff's Counsel provides that Plaintiff was offered and rejected a continuance of the March 7th hearing, which Plaintiff fails to acknowledge in his motion or his amended complaint.[45] As Plaintiff rejected an opportunity to

---

[40] *See* Dkt. No. 31 at 5–6, ¶¶ 5.17–5.46; *compare* Dkt. No. 33-2.
[41] Dkt. No. 34 at 8, ¶ 3.
[42] A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[43] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[44] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[45] Dkt. No. 33-2 at 22–23, lines 24–25, 1–4.

delay the hearing, the Court finds that the amendment claiming lack of due process based on the time to prepare for the hearing of minimal importance. Additionally, Plaintiff's primary bases for his due process claim—the notice period and the closed session during his termination hearing— were known to Plaintiff before his initial complaint.[46] As such, the Court does not find that the importance of Plaintiff's claims outweighs the other considerations in determining whether to allow his motion to amend eleven months after the deadline to do so.

Furthermore, because Plaintiff waited until Defendant had filed both its motions for summary judgment and its replies, the Court finds that allowing the amendment would significantly prejudice Defendants. If the Court granted Plaintiff's motion, in order to cure the significant prejudice to Defendants, the Court would need to reopen discovery and require new motions for summary judgment. This would result in a significant delay of trial in a case that has already been significantly delayed by other extensions. Additionally, Plaintiff's timing and knowledge of the events underlying his due process claim well before even filing his initial complaint raises serious concerns that this motion to amend was filed in bad faith or with dilatory motive.

On these bases, the Court holds that Plaintiff failed to provide good cause to modify the scheduling order and **DENIES** Plaintiff's motion for leave to amend.[47]

2. *Motion to Compel Production for In Camera Review*

The Court now turns to Plaintiff's motion and corrected motion to compel production of the alleged records of the school board's March 7, 2019 closed session for an in-camera review.[48] Because Plaintiff filed its "corrected motion"[49] before the docket date of its original

---

[46] *See* Dkt. No. 33-2.
[47] Dkt. No. 30.
[48] Dkt. Nos. 35–36.
[49] Dkt. No. 36.

motion to compel, the Court **STRIKES** Plaintiff's original motion[50] and considers only Plaintiff's corrected motion.[51] Defendants have not filed a response to Plaintiff's motion and the time for doing so has passed, rendering Plaintiff's motion unopposed by operation of this Court's Local Rule.[52] The motion is now ripe for review. After considering the motion, record, and relevant authorities, the Court **DENIES** Plaintiff's motion.

As Plaintiff's request to compel production is made after the discovery deadline has passed, the Court reviews it for good cause.[53] For many of the same reasons listed above, the Court denies Plaintiff's motion to compel. In making his request that the Court compel discovery and conduct an in-camera review nearly two months after the discovery deadline,[54] Plaintiff fails to provide good cause to modify the scheduling order to extend discovery to accommodate this in camera review. Additionally, Plaintiff's motion fails to comply with the requirements of Rule 37, which governs motions to compel discovery in federal court.[55] Plaintiff provides no evidence that he complied with any of the Rule 34(b) requirements before filing this Rule 37 motion to compel, and further fails establish whether or not the records even exist.[56] For these reasons, the Court **DENIES** Plaintiff's motion.[57]

### IV. Conclusion and Holding

---

[50] Dkt. No. 35.
[51] Dkt. No. 36.
[52] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[53] Fed. R. Civ. P. 16(b).
[54] Dkt. No. 19.
[55] Fed. R. Civ. P. 37(3) & 34.
[56] Fed. R. Civ. P. 34(b); *See* Dkt. No. 36 at 2 ("Plaintiff requests that the Honorable Court compel Defendants to produce to the court for an in-camera review of the agenda or recording for the March 7, 2019, executive session meeting of the Monte Alto ISD school broad of trustees, *if they even exist*.") (emphasis added).
[57] Dkt. No. 36.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to amend,[58] and **STRIKES** Plaintiff's amended complaint.[59] The Court also **STRIKES** Plaintiff's motion to compel[60] and **DENIES** Plaintiff's corrected motion to compel.[61]

In light of the pending motions for summary judgment[62] in this case and the proclamations and orders of various authorities recognizing the COVID-19 pandemic and limiting travel and person-to-person contact,[63] the Court **CONTINUES** the parties' February 16, 2021 final pretrial conference until **Monday, April 19, 2021 at 9 a.m**. The parties shall file their amended joint proposed pretrial order no later than **March 22, 2021**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 11th day of February 2021.

_____
Micaela Alvarez
United States District Judge

---

[58] Dkt. No. 30.
[59] Dkt. No. 31.
[60] Dkt. No. 35.
[61] Dkt. No. 36.
[62] Dkt. Nos. 20–21.
[63] *See* Proclamation No. 9994, 85 Fed. Reg. 15,337 (Mar. 13, 2020) (Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak); *In Re: Court Operations in the McAllen Divison* [sic] *Under the Exigent Circumstances Created by the COVID-19 Pandemic*, Spec. Order No. M-2021-1 (S.D. Tex. Jan. 8, 2021), https://www.txs.uscourts.gov/sites/txs/files/Special%20Order%20M-2021-1%20Court%20Operations%20in%20the%20McAllen%20Division%20During%20COVID-19.pdf.